By the Court.*—Cardozo, J.
The learned judge below treated the case as if it were one of mere dissolution of partnership, and applied the rule which would obtain in such cases* that whichever partner holds possession of the books, does so for the benefit of both parties, and cannot exclude the other from using them. I think he overlooked the fact that the testator had put an end to his right to the use of the books, and that the possession of the defendant was exclusively for his own benefit. Eathan C. Platt had parted with his interest in the partnership and conveyed it to the defendant. While that sale stands, the plaintiffs have no rights in the property. While that sale stands, the books belong to no one but the defendant,—and while they belong exclusively to him, no one else has the right to a general inspection of them. To grant such general inspection now, is to give to the plaintiffs, before trial, what they can only claim after, by prevailing in the suit, the sale shall have been declared void, and the partnership re-established, and the property *113 declared to belong to them and the defendants jointly.
I think the order below was wrong, and should be reversed.
Order reversed

 Present, Cardozo and G. G. Barnard, JJ.